# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DONALD HUGH NICHOLS and JANE ANN NICHOLS,<br><br>Debtors. | Chapter 13<br><br>Case No. 4:18-bk-09638-BMW<br><br>**RULING AND ORDER REGARDING MOTION TO CONVERT AND MOTION TO DISMISS** |

These matters came before the Court pursuant to the *Motion to Convert to Chapter 7 and Deny Any Subsequent Motion to Dismiss* (the "Motion to Convert") (Dkt. 87) filed by Marana Stockyard & Livestock Market, Inc. ("Marana Stockyard") and Clay and Karen Parsons (collectively, the "Parsons," and with Marana Stockyard, the "Marana Stockyard Creditors") on May 2, 2019; the *Debtors' Motion to Dismiss Case* (the "Motion to Dismiss") (Dkt. 125) filed by Hugh Nichols ("Mr. Nichols") and Jane Nichols ("Ms. Nichols," and collectively with Mr. Nichols, the "Nichols" or "Debtors") on July 19, 2019; and all pleadings related thereto.

## I. Factual Background & Procedural Posture

Prior to the bankruptcy filing: (1) the Nichols transferred various of their properties to the Parsons; (2) Marana Stockyard and The Parsons Company filed a complaint against the Nichols and various of their entities in Pima County Superior Court alleging causes of actions for, among other things, fraud, conversion, and aiding and abetting tortious acts in connection with certain business dealings (the "State Court Case"); and (3) the Nichols filed a notice of lis pendens in the State Court Case. (*See* Dkt. 54 at 4 & Dkt. 77). The lis pendens was subsequently recorded and affected title to certain of the property which had been transferred to the Parsons.

On or about August 6, 2018, counsel for the Parsons sent counsel for the Nichols a letter demanding that the Nichols execute a release of the lis pendens by August 9, 2018, which demand the Nichols did not meet. (*See* Dkt. 128 at Ex. 1).

On August 10, 2018, the Nichols filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, as well as schedules, statements, and a plan of reorganization (the "Plan"). (Dkts. 1 & 2). The Debtors scheduled non-exempt assets worth $226,710.98 and ownership interests in 8 (eight) business entities. (*See* Dkt. 1).

The Debtor's Plan, which has not been amended, provides for nominal payments, does not propose to meet the Chapter 13 liquidation analysis requirements, and does not address all the claims in this case. (*See* Dkts. 1, 2 & 68).

On August 17, 2018, the Marana Stockyard Creditors filed an *Expedited Motion for Immediate Relief from the Automatic Stay to Remove Wrongful Lis Pendens* (the "Motion for Stay Relief Re: Lis Pendens") (Dkt. 12, amended at Dkt. 15), to which the Debtors objected.

On August 22, 2018, criminal charges were filed against Mr. Nichols. (Dkt. 148 at Ex. F).

On October 5, 2018, the Chapter 13 Trustee (the "Trustee") commenced and continued the § 341[1] meeting. The § 341 meeting has since been continued on a number of occasions, and is currently set to reconvene on February 5, 2020, due to the Debtors' failure to comply with the Code and the Trustee's requirements.

On November 1, 2018, the Debtors agreed to release the lis pendens as part of a settlement agreement reached during the course of an evidentiary hearing before this Court on the Motion for Stay Relief Re: Lis Pendens. (Dkt. 66).

On November 15, 2018, the Trustee filed a *Trustee's Plan Objection/Evaluation With Notice of Potential Dismissal If Conditions Are Not Satisfied* (the "Plan Objection/Evaluation") (Dkt. 68), in which she raised a number of impediments to confirmation, including: (1) the Debtors' failure to file tax returns for tax years 2014 through 2017; (2) the Debtors' failure to provide information regarding their business operations; (3) the Debtors' failure to file business

---

[1] Unless otherwise indicated, statutory references are to the Bankruptcy Code, title 11 of the United States Code.

operating reports; and (4) the Plan's failure to provide for priority claims, satisfy the liquidation analysis requirement, satisfy the feasibility provision, or satisfy the projected disposable income requirement.

On January 23, 2019, the criminal charges pending against Mr. Nichols were amended to name Ms. Nichols as a co-defendant on all counts. (Dkt. 148 at Ex. G).[2]

On January 24, 2019, the Marana Stockyard Creditors filed a *Motion for Relief from the Automatic Stay Regarding State Court Case No. C20180745* (the "Motion for Stay Relief Re: State Court Case") (Dkt. 77), in which they asked the Court to allow them to liquidate their claims in the State Court Case. The Debtors opposed the Motion for Stay Relief Re: State Court Case. (Dkt. 81).

On April 2, 2019, the Court held a preliminary hearing on the Motion for Stay Relief Re: State Court Case, at which time the Marana Stockyard Creditors withdrew their motion and agreed to liquidate their claims against the Debtors in this Court. (Dkt. 86). The Marana Stockyard Creditors have filed a proof of claim in the amount of $4,793,126.00, subject to credit for property transferred and/or restitution, to which proof of claim the Debtors have not objected. (Proof of Claim 9-1).

On May 2, 2019, the Marana Stockyard Creditors filed the pending Motion to Convert, in which they ask the Court to convert this case to Chapter 7 for the Debtors' failure to move this case forward towards confirmation, failure to file required tax returns, alleged ineligibility for relief under Chapter 13, and alleged bad faith conduct. (Dkt. 87).

On May 22, 2019, the Debtors objected to the Motion to Convert. (Dkt. 91). It is the Debtors' position that they are eligible for relief under Chapter 13 and that the delays associated with this case are not attributable to bad faith, but rather are attributable to their pending criminal case. (Dkt. 91). The Debtors assert that they filed this case in a state of financial distress for the proper purpose of paying priority tax claims over time and obtaining a discharge. (Dkt. 91).

On May 22, 2019, the Debtors also filed a *Motion to Stay Proceedings, or in the*

---

[2] The criminal charges pending against Ms. Nichols have since been dismissed without prejudice. (Dkt. 148 at Ex. A).

*Alternative to Suspend Proceedings or to Abstain, Pending Resolution of Criminal Case Against Debtors* (the "Motion to Stay Proceedings") (Dkt. 92), in which they asked this Court to stay these bankruptcy proceedings in their entirety pending the outcome of the criminal trial. The Marana Stockyard Creditors objected to the Motion to Stay Proceedings. (Dkt. 98).

On June 11, 2019, the Trustee filed a joinder in the Motion to Convert. (Dkt. 100). The Trustee supports conversion on the basis that: (1) almost all of the issues raised in the Plan Objection/Evaluation remain outstanding; (2) the Debtors have not taken steps to advance their case; (3) the Debtors have not proposed a confirmable plan; (4) the Debtors have not filed income and other tax returns required to confirm a plan; (5) the Debtors have not provided information to allow analysis as to the feasibility or propriety of the proposed Plan; (6) the Debtors have not met their obligations to creditors and the estate; and (7) creditors are being prejudiced by this case not moving forward. (Dkt. 100).

On June 20, 2019, the Court held a hearing on the Motion to Stay Proceedings and Motion to Convert, at which time the Court: (1) denied the Debtors' Motion to Stay Proceedings; (2) found cause to convert the case pursuant to § 1307(c) for the Debtors' failure to move the case towards confirmation, causing an unreasonable delay prejudicial to creditors; (3) found that conversion was in the best interest of creditors and was required under § 1307(e) given the Debtors' failure to file required tax returns; (4) at the request of Debtors' counsel, gave the Debtors 30 (thirty) days to submit updated tax returns and a stipulated order of confirmation ("SOC") to the Trustee; and (5) authorized the Trustee to upload an order converting the case to Chapter 7 if the Debtors failed to complete these enumerated tasks (the "June 20 Ruling"). (6/20/2019 Hearing Tr. 32:17-33:5).

On July 1, 2019, the Debtors appealed the Court's order denying their Motion to Stay Proceedings to the United States District Court for the District of Arizona (the "District Court") and sought a stay pending appeal from this Court. (Dkts. 107 & 108).[3]

On July 18, 2019, the Court denied the Debtors' request for a stay pending the outcome of their appeal. (Dkt. 124). However, the Court granted the Debtors an administrative stay in

---

[3] As of January 29, 2020, the appeal remained pending.

order to allow them to petition the District Court for a stay pending appeal, and ordered that if such motion was filed within 7 (seven) days, the administrative stay would remain in effect pending entry of the District Court's ruling on the motion. (Dkt. 124). The Debtors timely petitioned the District Court for a stay pending appeal. (Dkt. 137 at 7).

On July 19, 2019, the Debtors filed the Motion to Dismiss "as a matter of precaution, to prevent any potential claim of waiver of the right to dismiss [under § 1307(b),]" but did not immediately request a hearing on such motion. (Dkt. 125).

On October 24, 2019, the District Court denied the Debtors' motion for a stay pending appeal, after which time Debtors' counsel requested a hearing on the Motion to Dismiss. (*See* Dkt. 137).

The Marana Stockyard Creditors and the Arizona Department of Revenue (the "ADOR") have objected to the Motion to Dismiss. (Dkts. 126 & 128). The Marana Stockyard Creditors argue that, among other things, the Motion to Dismiss is untimely because the Court has already found cause to convert this case, and that in any event, dismissing this case would cause a manifest injustice and substantial harm to creditors. (Dkt. 128). The ADOR alleges that the Debtors have been acting in bad faith and likewise urges the Court to convert this case. (Dkt. 126).

On October 30, 2019, the Trustee lodged an order converting this case to Chapter 7 consistent with this Court's June 20 Ruling. (Dkt. 138). The Debtors objected to the notice of lodging on the basis that they had filed the Motion to Dismiss, which remained pending. (Dkt. 139).

On January 14, 2020, the Court held a hearing on the Motion to Convert and competing Motion to Dismiss, during which the Marana Stockyard Creditors, Trustee, and ADOR argued in favor of conversion, and the Debtors argued in favor of dismissal. (Dkt. 153). At the conclusion of the hearing, the Court took these matters under advisement.

As of January 14, 2020, the Debtors had not: (1) filed an amended plan or submitted a proposed SOC to the Trustee; (2) filed any of their outstanding tax returns; (3) filed any periodic operating reports for any of their businesses; (4) provided the Trustee with any of her requested

disclosures; or (5) filed outstanding Transaction Privilege Tax ("TPT") or withholding returns for their businesses.

Based upon the pleadings, arguments of counsel, and entire record in this case, the Court now issues its ruling.

## II. Jurisdiction

Although the filing of a notice of appeal divests a court of jurisdiction "over those aspects of the case involved in the appeal[,]" in the absence of a stay pending appeal, the court retains jurisdiction "to implement or enforce the order [on appeal]" and to "proceed with matters not involved in the appeal." *In re Marino*, 234 B.R. 767, 769 (B.A.P. 9th Cir. 1999); *In re Mirzai*, 236 B.R. 8, 10 (B.A.P. 9th Cir. 1999).

There is no stay pending appeal in place. Thus, this Court retains jurisdiction to implement and enforce its order denying the Debtors' request to stay these bankruptcy proceedings, as well as to proceed with these matters, which matters are independent of the matter on appeal.

## III. Legal Analysis and Conclusions of Law

Section 1307 provides in relevant part:

> (b) On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.
> (c) . . . on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including--
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
> (d) . . . .
> (e) Upon the failure of the debtor to file a tax return under section 1308, on request of a party in interest or the United States trustee and after notice and a hearing, the court shall dismiss a case or convert a case under this chapter to a case under chapter 7 of this title, whichever is in the best interest of the creditors and the estate.
> . . . .

Although the Court already orally granted the Motion to Convert as part of the June 20 Ruling, an order converting this case has not been entered. Therefore, the Motion to Dismiss is not untimely. *See In re Beatty*, 162 B.R. 853, 857-58 (B.A.P. 9th Cir. 1994), *overruled in part by In re Rosson*, 545 F.3d 764 (9th Cir. 2008).

Although the plain language of § 1307(b) appears to give Chapter 13 debtors an absolute right to dismiss, under Ninth Circuit case law, "[a] debtor's right of voluntary dismissal under § 1307(b) is not absolute, but is qualified by the authority of a bankruptcy court to deny dismissal on grounds of bad-faith conduct or 'to prevent an abuse of process.'" *In re Rosson*, 545 F.3d 764, 774 (9th Cir. 2008) (quoting 11 U.S.C. § 105(a)).

In order to determine whether a debtor is acting in good faith, courts must consider the totality of the circumstances on a case-by-case-basis. *In re Bartlett*, No. BAP CC-17-1364-LSTAL, 2018 WL 3468832, at *6 (B.A.P. 9th Cir. July 18, 2018) (citing *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999)). The Ninth Circuit has set forth the following factors (the "Leavitt factors") to guide courts in their good faith analyses:

> (1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his Chapter 13 petition or plan in an inequitable manner;
> (2) the debtor's history of filings and dismissals;
> (3) whether the debtor only intended to defeat state court litigation; and
> (4) whether egregious behavior is present.

*In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999) (internal quotations, citations, and alterations omitted); *see also Bartlett*, 2018 WL 3468832, at *6.

The *Leavitt* factors are merely tools that courts employ to aid them in evaluating the totality of the circumstances. *Bartlett*, 2018 WL 3468832, at *6 (quoting *Khan v. Barton (In re Khan)*, 523 B.R. 175, 185 (B.A.P. 9th Cir. 2014)). There is no requirement that all four *Leavitt* factors must be present in order for the court to make a bad faith finding, or that all four *Leavitt* factors must be weighed equally. *Id.*

Further, the Bankruptcy Code is intended to provide honest but unfortunate debtors with

a means of effecting a speedy, efficient, and feasible reorganization. *In re Arnold*, 806 F.2d 937, 939 (9th Cir. 1986). "If a bankruptcy proceeding is not consistent with bankruptcy policy and goals or is filed for an improper purpose, it is an abuse of the bankruptcy system and the Bankruptcy Code." *In re Hageney*, 422 B.R. 254, 259 (Bankr. E.D. Wash. 2009).

In this case, the Debtors' right to dismiss under § 1307(b) is not absolute and does not supersede conversion under § 1307(c) or (e). *See In re Rosson*, 545 F.3d 764, 771 (9th Cir. 2008). The Court has already determined that this case should be converted pursuant to § 1307(c), and must be converted pursuant to § 1307(e). Further, in order to prevent an abuse of the bankruptcy process, the Court must deny the Debtors' request to dismiss this case pursuant to § 1307(b).

The Court recognizes that the Debtors are in a difficult position and have asserted they are proceeding based on the advice of their bankruptcy and criminal counsel. However, the Debtors voluntarily sought bankruptcy protection more than 17 (seventeen) months ago, and, until recently, fought to stay in Chapter 13, and yet have taken no material steps to move their case towards confirmation or to comply with the provisions in the Code. The only affirmative actions the Debtors have taken in this case were taken in an attempt to delay these proceedings, including by requesting that this Court stay the entire case pending the outcome of their criminal case.

It is undisputed that the Debtors have failed to file tax returns as required by § 1308(a), and "the privilege against self-incrimination does not justify a complete failure to file a [tax] return . . . ." *United States v. Leidendeker*, 779 F.2d 1417, 1418 (9th Cir. 1986). Further, given the timeframes set forth in § 1308 and given that § 1307(e) mandates conversion or dismissal if a debtor fails to comply with § 1308, the Debtors knew, or should have known, no later than February 4, 2019, that they would not be able to proceed in Chapter 13.[4] Yet, the Debtors opposed the Motion to Convert and continued their stalling efforts in an impermissible attempt to remain in Chapter 13. The Debtors have essentially used Chapter 13 to hide from creditors during the pendency of the criminal proceedings. Such conduct constitutes an abuse of the bankruptcy process, justifying denial of the Debtors' Motion to Dismiss under § 1307(b).

---

[4] February 4, 2019 is 122 days after the date the § 341 meeting was first scheduled to be held. *See* §§ 1308(a) & (b). 120 days fell on Saturday, February 2, 2019. *See* Fed. R. Bankr. P. 9006(a)(1).

Even if dismissal under § 1307(b) were an option, the Court would nevertheless exercise its discretion[5] to convert this case pursuant to §§ 1307(c) and (e) given the circumstances of this case, and based upon the findings and conclusions set forth in the Court's June 20 Ruling and in this ruling.

The Debtors have benefitted from the protection of the automatic stay for more than 17(seventeen) months, during which time they have not met their obligations to creditors or proceeded with any degree of transparency. It is the determination of the Court that conversion is warranted in order to allow a chapter 7 trustee to perform an orderly and transparent liquidation of the Debtors' non-exempt assets for the benefit of creditors.

## IV. Conclusion

Upon consideration of the foregoing, and the totality of the circumstances, and for good cause appearing:

**IT IS HEREBY ORDERED** that the Motion to Convert is granted and this case is converted to Chapter 7.

**IT IS FURTHER ORDERED** that the Motion to Dismiss is denied.

**DATED AND SIGNED ABOVE.**

---

[5] *See In re Rosson*, 545 F.3d 764, 771 (9th Cir. 2008) (reviewing a bankruptcy court's decisions to deny a request for dismissal under § 1307(b) and to convert the case from Chapter 13 to Chapter 7 pursuant to § 1307(c) for abuse of discretion).