# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| In re: | Chapter 7 |
|---|---|
| DONALD HUGH NICHOLS and JANE ANN NICHOLS, | Case No. 4:18-bk-09638-BMW |
| Debtors. | **RULING AND ORDER RE: EMERGENCY MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF APPEAL** |

This matter came before the Court pursuant to the *Emergency Motion to Stay Proceedings Pending Resolution of Appeal* (the "Motion for Stay") (Dkt. 172) filed by Donald Hugh Nichols and Jane Ann Nichols (the "Debtors"), in which the Debtors move the Court to stay the Court's *Ruling and Order Regarding Motion to Convert and Motion to Dismiss* (the "Conversion Ruling & Order") (Dkt. 156) pursuant to Federal Rule of Bankruptcy Procedure 8007(a) on the basis that: (1) there are serious questions going to the merits of the Debtors' appeal such that they are likely to succeed; (2) the Debtors will suffer irreparable injury if a stay is not granted because their assets will be liquidated; (3) no other party will be substantially injured by a stay; and (4) the public interest supports a stay.

The Debtors have requested a hearing on the Motion for Stay. (Dkt. 173). However, the Court has reviewed the Motion for Stay and deems this matter suitable for disposition without a hearing, argument, or further briefing.

**I.  Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

## II. Factual Background & Procedural Posture

On August 10, 2018 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code. (Dkt. 1). One or both Debtors have been under criminal investigation and/or indictment for the duration of these bankruptcy proceedings.

On the Petition Date, the Debtors also filed schedules, statements, and a plan of reorganization (the "Plan"). (Dkts. 1 & 2). The Debtors scheduled non-exempt assets worth $226,710.98 and ownership interests in 8 business entities. (*See* Dkt. 1). The Debtor's Plan, which was never amended, provided for nominal payments, did not propose to meet the chapter 13 liquidation analysis requirements, and did not address all the claims in this case. (*See* Dkts. 1, 2 & 68).

On May 2, 2019, the Marana Stockyard Creditors filed the *Motion to Convert to Chapter 7 and Deny Any Subsequent Motion to Dismiss* (the "Motion to Convert") (Dkt. 87), in which they asked the Court to convert this case to chapter 7 for the Debtors' failure to move this case towards confirmation, failure to file required tax returns, alleged ineligibility for relief under chapter 13, and alleged bad faith conduct. (Dkt. 87). The Debtors objected to the Motion to Convert and maintained that they had filed this case in a state of financial distress for the proper purpose of paying priority tax claims over time and obtaining a discharge. (Dkt. 91). The Trustee joined in the Motion to Convert. (Dkt. 100).

On June 20, 2019, the Court held a hearing on the Motion to Convert, at which time the Court: (1) found cause to convert the case pursuant to § 1307(c)[1] for the Debtors' failure to move the case towards confirmation, causing an unreasonable delay prejudicial to creditors; (2) found that conversion was in the best interest of creditors and was required under § 1307(e) given the Debtors' failure to file required tax returns; (3) at the request of Debtors' counsel, gave the Debtors 30 days to submit updated tax returns and a stipulated order of confirmation ("SOC") to the Trustee; and (4) authorized the Trustee to upload an order converting this case to chapter 7 if the Debtors failed to complete these enumerated tasks (the "June 20 Ruling"). (6/20/2019

---

[1] Unless otherwise indicated, statutory references are to the Bankruptcy Code, title 11 of the United States Code.

Hearing Tr. 32:17-33:5; *see also* Dkt. 105).

On July 19, 2019, the Debtors filed the *Debtors' Motion to Dismiss Case* (the "Motion to Dismiss") (Dkt. 125) "as a matter of precaution, to prevent any potential claim of waiver of the right to dismiss [under § 1307(b)]" while they pursued an appeal of another of this Court's rulings and orders, but they did not immediately pursue the Motion to Dismiss.

On or about October 24, 2019, Debtors' counsel requested a hearing on the Motion to Dismiss. (*See* Dkt. 137).

The Marana Stockyard Creditors and the Arizona Department of Revenue (the "ADOR") objected to the Motion to Dismiss on the basis that, among other things, the Court had already found cause to convert this case and dismissing this case would cause a manifest injustice and substantial harm to creditors. (Dkts. 126 & 128).

On October 30, 2019, the Trustee lodged an order converting this case to chapter 7 consistent with this Court's June 20 Ruling. (Dkt. 138). The Debtors objected to the notice of lodging on the basis that they had filed the Motion to Dismiss, which remained pending. (Dkt. 139).

On January 14, 2020, the Court held a hearing on the Motion to Convert and competing Motion to Dismiss, during which the Marana Stockyard Creditors, Trustee, and ADOR argued in favor of conversion, and the Debtors argued in favor of dismissal. (*See* Dkts. 153 & 155). As of the date of that hearing, the Debtors had not: (1) filed an amended plan or submitted a proposed SOC to the Trustee; (2) filed any of their outstanding tax returns; (3) filed any periodic operating reports for any of their businesses; (4) provided the Trustee with any of her requested disclosures; or (5) filed outstanding Transaction Privilege Tax ("TPT") or withholding returns for their businesses.[2]

On January 30, 2020, the Court issued the Conversion Ruling & Order, which sets forth in detail the factual and procedural background of the case. In the Conversion Ruling & Order, the Court noted that it had already determined that this case should be converted pursuant to § 1307(c) and must be converted pursuant to § 1307(e). Further, the Court determined that it had

---

[2] There is nothing on the docket to indicate that the Debtors subsequently completed any of these tasks.

to deny the Debtors' request for dismissal pursuant to § 1307(b) in order to prevent an abuse of the bankruptcy process. Even if dismissal under § 1307(b) had been available to the Debtors, the Court found that it would nevertheless grant the request to convert given the circumstances of this case.

On February 12, 2020, the Debtors appealed the Conversion Ruling & Order to the Bankruptcy Appellate Panel of the Ninth Circuit. The following day, the Debtors filed the Motion for Stay.

### III. Legal Analysis

Motions for a stay pending appeal are ordinarily addressed first by the bankruptcy court. Fed. R. Bank. P. 8007(a)(1)(A). "A motion for stay pending appeal is an extraordinary remedy and requires substantial showing on the part of the movant." *In re GTI Capital Holdings, LLC*, No. 03-07923-SSC, 2008 WL 961112, at *6 (Bankr. D. Ariz. Apr. 4, 2008).

When determining whether to grant a stay pending appeal, courts consider: (1) whether the movant "has made a strong showing that he is likely to succeed on the merits [of his appeal];" (2) whether the movant "will be irreparably injured absent a stay;" (3) whether a stay "will substantially injure other parties;" and (4) "where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 425-26, 129 S. Ct. 1749, 1752, 1756, 173 L. Ed. 2d 550 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987)); *see also In re Red Mountain Mach. Co.*, 451 B.R. 897, 899 (Bankr. D. Ariz. 2011).

Some courts have employed a "sliding scale" or "continuum" approach to these factors, *e.g., In re Red Mountain Mach. Co.*, 451 B.R. at 899-900, but ultimately, courts have "considerable discretion when determining whether to issue a stay pending appeal." *In re GGW Brands, LLC*, No. 2:13-bk-15130-SK, 2013 WL 6906375, at *10 (Bankr. C.D. Cal. Nov. 15, 2013) (citing *Nken,* 556 U.S. at 433-34); *see also Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012).

    1.    <u>Likelihood of Success on the Merits</u>

The party moving for a stay pending appeal must demonstrate that he has "a reasonable probability" or "fair prospect" of success on the merits of the appeal. *Fed. Trade Comm'n v.*

*Qualcomm Inc.*, 935 F.3d 752, 755 (9th Cir. 2019) (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 966-67 (9th Cir. 2011)).

The Debtors argue that their appeal raises serious issues as to whether a motion to dismiss brought pursuant to § 1307(b) can be denied absent a finding of bad faith and whether the Court had sufficient grounds to find an abuse of process.

What the Debtors fail to address is the Court's finding that even if dismissal under § 1307(b) had been an option, the Court would nevertheless have exercised its discretion to convert this case under §§ 1307(c) and 1307(e) based upon the record in this case. (Dkt. 156 at 9). The Court's decision to convert rather than dismiss is supported by the Court's findings of fact and will be reviewed for abuse of discretion. *In re Rosson*, 545 F.3d 764, 771 (9th Cir. 2008).

Given the appliable standard of review and given the record in this case, the Court finds that the Debtors are unlikely to succeed on the merits of their appeal. This factor weighs against the issuance of a stay pending the outcome of the Debtors' appeal.

2. <u>Irreparable Injury to Appellants</u>

"[B]oth the Supreme Court and Ninth Circuit have raised the bar on the showing of irreparable injury, now requiring a showing that 'an irreparable injury is the more probable or likely outcome' if the stay is not granted . . . ." *In re Red Mountain Mach. Co.*, 451 B.R. at 900 (citing *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011)).

The Debtors argue that they will suffer irreparable harm absent a stay because the chapter 7 trustee will continue to seize and liquidate assets, which the Debtors argue will deprive them of the means to provide for their basic necessities, and which liquidation the Debtors argue cannot be undone in the event they are successful on appeal.

As the Debtors acknowledge in the Motion for Stay, the Debtors are entitled to a number of exemptions under state law, which exemptions are designed to protect them and are liberally construed to advance this objective. *See* A.R.S. §§ 33-1101 through 33-1153; *Matcha v. Winn*, 131 Ariz. 115, 117, 638 P.2d 1361, 1363 (Ariz. Ct. App. 1981); *In re Buchberger*, 311 B.R. 794, 795 (Bankr. D. Ariz. 2004). To date, the Debtors have availed themselves of a number of exemptions available under Arizona law, claiming exemptions with a value of up to $53,100 in

various of their personal property assets. (*See* Dkt. 159). The Debtors appear to argue that they will suffer irreparable injury if they are not allowed to retain more than the Arizona exemption statutes allow. The Debtors, however, are not entitled to special treatment over and above the treatment afforded to other similarly situated debtors.

Further, the Debtors' argument that a chapter 7 liquidation could not be undone in the event they are successful on appeal may be a veiled equitable mootness argument, which argument is not persuasive.

The Ninth Circuit has set forth the following four factors for courts to consider when determining whether a bankruptcy appeal is equitably moot: (1) whether the appellant sought a stay pending appeal; (2) whether the plan, or in this case the Conversion Ruling & Order, has been substantially consummated; (3) the effect that a remedy may have on innocent parties; and (4) whether the bankruptcy court could fashion equitable relief if the movant is successful on appeal. *In re Transwest Resort Properties, Inc.*, 801 F.3d 1161, 1168-69 (9th Cir. 2015) (citing *In re Thorpe Insulation Co.*, 677 F.3d 869, 881 (9th Cir. 2012)).[3]

The fact that an appellant has been diligent in pursuing its appellate rights and seeking a stay pending appeal "cuts strongly in favor of appellate review . . . ." *Id.* at 1168. Further, where equitable relief even if partial or incomplete is available, an appeal is not equitably moot. *Id.* at 1171.

In this case, the Debtors have diligently pursued their appellate rights thus far and have sought a stay pending appeal, which cuts strongly against application of the doctrine of equitable mootness. Further, the Debtors have acknowledged in their Motion for Stay that it is unlikely the chapter 7 trustee will make any distributions during the pendency of this appeal given the need to determine the amount of the priority claims in this case, which the Debtors allege cannot be done until the pending criminal case is resolved. It is therefore foreseeable that this Court could

---

[3] The doctrine of equitable mootness typically arises when an order related to a chapter 11 plan is on appeal. The Court will assume for purposes of this opinion that the doctrine can apply to appeals of conversion orders. *C.f. Stokes v. Gardner*, 483 F. App'x 345, 346 (9th Cir. 2012) (finding that an appeal of an order approving a settlement agreement in the context of a chapter 7 case was equitable moot).

fashion equitable relief that would not bear unduly on innocent third parties in the event the Debtors are successful on appeal.

The Debtors have not established that they will suffer sufficient irreparable injury if the Court does not grant the Motion for Stay. This factor weighs against the issuance of a stay pending the outcome of the Debtors' appeal.

3. <u>Substantial Injury to Other Interested Parties</u>

The Debtors argue that at most, a stay would delay distributions to creditors. However, this case has been pending for more than 18 months and the creditors of this estate would be harmed by a further delay. Moreover, as noted in its decision, the Debtors have failed to disclose required financial information in the case, thus resulting in a total lack of transparency, and creditors would suffer additional injury if a chapter 7 trustee is not immediately empowered to evaluate the assets of the estate. A stay pending appeal would allow the Debtors to continue to enjoy all the benefits of bankruptcy without having to address any burdens or perform duties required of them by the Code. This factor weighs against the issuance of a stay pending the outcome of the Debtors' appeal.

4. <u>Public Interest</u>

The Debtors contend that the public interest supports issuance of a stay pending appeal because the public interest favors correctly applying the law and because it is in the public interest to ensure that criminal defendants are not penalized for invoking their constitutional rights in bankruptcy proceedings.

As discussed above, the Court has found that the Debtors are not likely to succeed on the merits of their appeal. Further, to the extent the Debtors believe they were improperly penalized for invoking their Fifth Amendment rights during the context of this bankruptcy proceeding, Ninth Circuit case law is clear: the Fifth Amendment does not shield debtors from having to file tax returns, *United States v. Leidendeker*, 779 F.2d 1417, 1418 (9th Cir. 1986), and adverse inferences may be drawn against debtors who invoke the Fifth Amendment. *S.E.C. v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998); *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995); *see also In re Martinez*, 500 B.R. 608, 615 (Bankr. N.D. Cal. 2013).

The Federal Rules of Bankruptcy Procedure, under which the Debtors have moved this Court for relief, "shall be construed, administered, and employed by the [C]ourt and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001. In this case, a stay pending the resolution of the Debtors' appeal would contravene the public policy of ensuring a just and speedy resolution of bankruptcy cases.

This factor weighs against the issuance of a stay pending the outcome of the Debtors' appeal.

## IV. Conclusion

Based upon the foregoing, upon consideration of the entire record in this case, given that all the applicable factors weigh against imposition of a stay pending appeal;

**IT IS HEREBY ORDERED** that the Motion for Stay is denied.

**DATED AND SIGNED ABOVE.**